# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

ROLANDO CRUZ ARELLANO,

Petitioner,

No. 11-CV-01060-RB-WDS

vs.

RAY TERRY, Warden of Otero County
Processing Center, in his official capacity,
ADRIAN MACIAS, El Paso Field Office
Director, Immigration and Customs Enforcement,
ERIC H. HOLDER, Jr., U.S. Attorney General          DHS No.: A 097 893 905
in their official capacity,

Respondents.


## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Petitioner Rolando Cruz Arellano's

("Petitioner") Petition for Writ of Habeas Corpus and Immediate Release From Custody, (Doc. No.

1), and the United States of America's ("Respondent") Response.  (Doc. No. 6)  Petitioner filed a

Reply brief (Doc. No. 7) and a Notice of  Recently Decided Additional Authority.  (Doc. No. 9)

District Judge Robert C. Brack referred the claims raised in Petitioner's Petition to the undersigned

for proposed findings and a recommended disposition, and a hearing, if necessary. (Doc. No.

5).Having reviewed the Motion, the Response, the Reply, the record, and the law, this Court

recommends that Petitioner's Motion be denied.  Because the issues are resolved on the pleadings

and the record establishes conclusively that Petitioner is not entitled to relief, an evidentiary hearing

is not necessary.  28 U.S.C. §2255; *Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 531 U.S. 835 (2000).

## FACTUAL AND PROCEDURAL BACKGROUND

Rolando Cruz Arellano has filed a petition for a writ of habeas corpus in this Court to challenge the lawfulness of his detention by Immigration and Custom Enforcement ("ICE").  This Court has habeas corpus jurisdiction pursuant to 28 U.S.C. § 2241. *See Demore v. Kim*, 538 U.S. 510, 517 (2003) (holding that an alien may challenge detention under 8 U.S.C. § 1226(a) through a habeas corpus proceeding under 28 U.S.C. § 2241).  Venue lies in the District of New Mexico, the judicial district in which Mr. Cruz is detained.  *Rumsfeld v. Padilla*, 542 U.S. 426, 124 S. Ct. 2711, 2718 n.8, 159 L. Ed. 2d 513 (2004).

Petitioner is a citizen of Mexico who was granted lawful permanent resident status on April 11, 2007.  On May 22, 2010 he was arrested for possession of marijuana and drug paraphernalia.  On March 30, 2011 a grand jury returned a three count indictment against Petitioner.  The first count charged Petitioner with violating NMSA 1978, § 30-31-22(A)(1)(a) (2011), possession of a controlled substance (marijuana) with intent to distribute.  That charge carries a basic sentence of eighteen months.  Petitioner appears to have been jailed for 24-48 hours at the time of his arrest.

On September 6, 2011, Mr. Cruz entered into a Plea and Disposition Agreement in which he agreed to plead guilty to Count 1 and the State of New Mexico agreed to dismiss the remaining two charges and to not oppose a conditional discharge on Count 1.  The Court accepted Petitioner's provisional plea of guilty subject to a conditional discharge, and sentenced Petitioner to eighteen months parole, with the first twelve months supervised.

On or about October 20, 2011 the New Mexico State Probation Office provided Immigration

2

and Customs Enforcement (ICE) with a list of all defendants who had recently been put on probation, including Petitioner.  A special agent from ICE identified Petitioner for an immigration status interview, obtained a copy of the Judgment and Sentence, and met Petitioner at his next scheduled probation appointment, which was November 16, 2011.  The agent interviewed Petitioner at that time, concluded that he was subject to civil removal proceedings, and took Petitioner into custody.  On the basis that Petitioner had been convicted of an aggravated felony and sentenced to eighteen months, ICE detained Petitioner pursuant to 8 U.S.C. §1226(c) (Mandatory Detention) pending a final determination by an immigration judge about his removability.

In his Petition, Mr. Cruz argues that the mandatory detention provision does not apply to him, and that his case should be remanded to the Executive Office for Immigration Review ("EOIR") to set a bond hearing under 8 U.S.C. §1226(a) with a time limitation.  Alternatively, if EOIR is not able to grant Petitioner a hearing within a reasonable time limitation set by this Court, the Court should order Respondents to release Petitioner.

## ANALYSIS

8 U.S.C. § 1226(c)(1) provides as follows:

Custody.  The Attorney General shall take into custody any alien who
(A) is inadmissible by reason of having committed any offense covered in section 212(a)(2),
(B) is deportable by reason of having committed any offense covered in section 237(a)(2)(A)(ii), (A)(iii), (B), (C), or (D),
(C) is deportable under section 237(a)(2)(A)(i) on the basis of an offense for which the alien has been sentence [sic] to a term of imprisonment of at least 1 year, or
(D) is inadmissible under section 212(a)(3)(B) or deportable under section 237(a)(4)(B),
when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

For the sake of clarity, 8 U.S.C. § 1226(c) as applied to Petitioner's case reads as follows:

> Custody.  The Attorney General shall take into custody any alien who is deportable under section 237(a)(2)(A)(i) on the basis of an offense for which the alien has been sentenced to a term of imprisonment of at least 1 year, *when the alien is released*, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense. (emphasis supplied)

Petitioner's legal argument hinges on the significance of the words highlighted above, "when the alien is released."  Petitioner argues that he was not imprisoned as a result of his conviction, and that the language in question makes incarceration a predicate for the mandatory detention provision to apply.  He argues that the mere conviction is not sufficient for mandatory detention, and that he would have had to serve time in prison, and been taken into custody by ICE immediately at the time of his release for the mandatory detention standards to apply.  Respondents argue that it is the conviction that triggers mandatory detention, that actual custody–and release therefrom– is not required, and that the fact that Petitioner was not in custody at the time he was issued a Notice to Appear is of no consequence.

First, the Court notes that there is no applicable Tenth Circuit precedent on this issue.  The majority of opinions that address the issue around the country appear to be District Court opinions, and the courts are split.  The issue is well framed by *Matter of Rojas*, 23 I&N Dec. 117 (BIA 2001).  Rojas, a native and citizen of the Dominican Republic who was admitted to the United States as a lawful permanent resident was convicted of possession of a controlled substance (cocaine) with intent to sell, and he was sentenced to imprisonment for a term of 2 1/2 to 5 years. The Immigration and Naturalization Service initiated removal proceedings against the respondent by issuance of a Notice to Appear.  Rojas was released from the custody of the State of New Hampshire on parole.  On the second day of his release on criminal parole, he was taken into custody by the Service. Rojas

requested a review of the Service's custody determination, arguing that he was not subject to mandatory detention under section 8 U.S.C. § 1226(c) because he was not taken into custody "when . . . released" from incarceration, but rather was free in the community for one day before being detained by the Service.

The immigration judge rejected Rojas' argument. The Board of Immigration Appeal, sitting en banc, affirmed the immigration judge, but there was a significant split, with 11 members joining the majority, a concurrence by two members, and seven in dissent. The majority construed the "plain language" of the statute, considered the legislative history, and noted that the other statutory provisions pertaining to the removal process placed no importance on the timing of an alien's being taken into custody by the Service, and concluded that Rojas was subject to the mandatory detention provisions. The dissent adopted the statutory interpretation advocated by Petitioner in this case, i.e., that the mandatory detention provisions applied *only* if immigration authorities took the deportable alien into custody at the jailhouse door, at the moment he was released from custody.

When dealing with an issue of statutory construction such as this one, the Court must first determine whether "Congress has directly spoken to the precise question at issue," and, if it has, the Court "must give effect to the unambiguously expressed intent of Congress." *Chevron USA, Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843 (1984). If Congress has been silent or used language that is ambiguous, then an agency's interpretation of the statute is given controlling weight unless it is arbitrary, capricious or manifestly contrary to the statute. *Id.* at 843-44. In the Court's opinion the language of the statute in question is clear and a fair reading of that language does not require that the deportable alien be taken into custody immediately by ICE. 8 U.S.C. § 1226(c) directs ICE to "take into custody" any alien who is deportable as a result of being convicted of an aggravated felony. In the absence of the disputed language, ICE would be obligated to take

5

the alien into custody at the time of his conviction.  In the Court's opinion the disputed language simply clarifies that the alien will not be taken into custody at the moment of conviction, but will be obligated to serve his prison time first.  Furthermore, if the alien's sentence includes a period of probation or parole, which the vast majority of sentences do, ICE is *not* required to wait until the completion of that parole period before it takes the alien into custody.

As noted in *Rojas*, an earlier version of the statute read as follows: "The Attorney General shall take into custody any alien convicted of an aggravated felony *upon completion of the alien's sentence for such conviction*.  Notwithstanding subsection (a), the Attorney General shall not release such felon from custody."  Anti-Drug Abuse Act, former section 242(a)(2), 8 U.S.C. § 1252(a)(2) (Supp. I 1989)(emphasis supplied).  The language at issue in this case reads: "The Attorney General shall take into custody any alien who is deportable under section 237(a)(2)(A)(I). . ., when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.  A comparison of the two sections reinforces the Court's opinion that the "when released" language clarifies that the convicted alien is not to be taken into custody at the moment of conviction, but after serving that part of his sentence that involves incarceration, not that part that involves parole/probation.

The Court has read other decisions[1] that have come to the opposite conclusion, notably that there is an "immediacy" requirement that arises from the "when released" language.  The Court does not find those opinions persuasive.  For the reasons noted above, the Court specifically rejects the

---

[1] Including the recent District of New Mexico decision issued by Senior Judge James A. Parker on the issue of mandatory detention. *See Melero Valdez v. Terry*, No. 2:11-CV-00897-JAP/LAM, Order Adopting Proposed Findings and Recommended Disposition (Apr. 18, 2012) (unpublished).

suggestion in those opinions that the "when released" language is surplusage if it does not make mandatory detention contingent on an alien being taken into custody at the jailhouse door.  To the contrary, the language simply identifies the point at which a deportable alien can be taken into custody–once he has completed his incarceration.

Applying the above plain reading to the case at hand, the Court would conclude that 1) the Petitioner's two-day imprisonment at the time of his arrest is irrelevant to this matter; 2) Petitioner was convicted of an offense for which he was sentenced to a term of imprisonment of at least 1 year, per 8 U.S.C. § 1226(c)(1); 3) because Petitioner's sentence was provisionally suspended, and he was released on parole at the conclusion of his sentencing hearing, Petitioner was subject to being taken into custody by ICE at that time; and 4) the fact that approximately two months passed between Petitioner's sentencing and ICE receiving notice of Petitioner's parole, conducting an investigation, and taking Petitioner into custody is legally irrelevant under the plain language of the applicable statue.

## RECOMMENDED DISPOSITION

For the foregoing reasons, this Court recommends that Petitioner's Petition for Writ of Habeas Corpus and Immediate Release From Custody be denied on the merits and dismissed with prejudice.

## <u>NOTIFICATION</u>

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. §636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen (14) day period if that party wants to have appellate review of the Proposed Findings and**

Recommended Disposition.  If no objections are filed, no appellate review will be allowed.

_____
**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**